IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **TOTAL QUALITY LOGISTICS, LLC,** | : | Case No. 1:20-cv-00669 |
| | : | |
| Plaintiff | : | Judge Timothy S. Black |
| | : | |
| v. | : | ORDER |
| | : | |
| | : | |
| **LOGISTIC DYNAMICS, LLC,** | : | |
| | : | |
| Defendant. | : | |

This matter is before the Court at the request of the Plaintiff Total Quality Logistics, LLC ("TQL") for an order requiring Defendant Logistic Dynamics, Inc. ("LDI") to search, obtain, and produce files (if any), which LDI stores on a cloud-based server provided by Microsoft (the "Server"), of the following individuals: Brent Black, Stephen Boyd, Cameron Bronski, Trevor Bruney, Raymel Cain, Darren Chamlee, George "Tripp" Christian, Samuel Crosby, Katherine "Katy" Decker, Daniel DeSantis, Christopher Drifke, Anthony Gavrila, Matthew Geiselhart, Sean Hassman, Jeremy Hill, John Holling, Whitney "Whit" Howland, Ben Hubbard, Lee Hubbard, Shelby Hyde, David Key, Selim Kodas, Bradley Krolak, Lawrence Lu, Frederick Michael Poast, Mauri Robinson, Ryan Rueda, Aidan Rushing, Stephen Shiver, Steven Shoemaker, George Summerset, Nate Thrift, Frederick Trimarco, Jeremy Tyler, Jesston Vanderhoff, and Dane Wehr, including files belonging to any of these individuals stored under an alias ("LDI Independent Contractors").

Based upon the parties' submissions,[1] the law, and the argument of counsel, the Court hereby ORDERS that, for the purpose of responding to TQL's discovery requests, LDI shall search the LDI Independent Contractors' email and SharePoint accounts (if any) located on the Server for documents responsive to TQL's discovery requests. Any such search, review, and production performed at the direction of this Court in connection with the above-captioned lawsuit shall not be a violation of the Stored Communications Act, 18 U.S.C. § 2701, *et seq.* ("SCA"). In the event that any other relevant former TQL employees are identified as having worked for or with LDI, including as an agent, subagent, or independent contractor, any search, review, and production related to their email or SharePoint accounts on the Server is held to not be a violation of the SCA.

**IT SO ORDERED.**

**Date:** 8/2/2021

s/Timothy S. Black
JUDGE TIMOTHY S. BLACK
U.S. DISTRICT JUDGE

---

[1] The parties submitted informal discovery letters prior to a July 27, 2021 informal discovery conference with the Court, which letters are on file with the Court. In sum, LDI contends that the search and production of the LDI Independent Contractor emails will violate the Stored Communications Act, 18 U.S.C. § 2701, *et seq.*; thus, it cannot search and produce such emails without a court order. TQL contends that such production would not violate the SCA because LDI has authorization to access the emails. Both parties acknowledge that Section 2707(e) of the SCA provides that a good faith reliance on a court order is a complete defense to any civil action brough under the SCA. The parties agreed that the issue is ripe based on their informal letters, in lieu of a full briefing on a motion to compel. This Order follows.